UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| William S. McLean, Jr., ) | Case No. 2:18-cv-3600-RMG-MGB |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| F.C.I. Edgefield Acting Warden ) | |
| W. Vereen, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on federal prisoner William McLean's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review this matter and make a recommendation to the District Judge. For the following reasons, the undersigned recommends transferring this matter to the Northern District of West Virginia.

When McLean filed his petition, he was imprisoned at FCI Edgefield, which is in this District. However, in a recently filed motion to stay, McLean notified the Court that he was being transferred to another prison. (Dkt. No. 31.) The Bureau of Prisons' inmate locator web site[1] confirms that McLean has been transferred and is now incarcerated at FCI Hazelton in Bruceton Mills, West Virginia.

McLean's post-filing transfer raises the issue of whether Acting Warden Vereen is still the proper respondent in this case. Ascertaining the proper respondent in a § 2241 case is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit*

---

[1] https://www.bop.gov/inmateloc/ (last visited April 2, 2019).

*Ct. of Ky.*, 410 U.S. 484, 494–95 (1973). For that reason, "the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); *see also* 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained."). "There is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434–35 (quoting § 2242). When McLean filed his petition, Acting Warden Vereen was that one proper respondent, as he could produce McLean in court. Now, however, McLean no longer has that ability. Rather, the one proper respondent is the warden of FCI Hazelton.

The proper respondent's "absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Rumsfeld*, 542 U.S. at 445. This Court has no personal jurisdiction over the warden of FCI Hazelton, who is in West Virginia. Thus, the undersigned is constrained to conclude the Court lacks jurisdiction.

McClean argues that his transfer does not make his case moot because he was transferred as retaliation for filing this case. (Dkt. No. 31 at 1.) Determining the motivation behind the transfer is unnecessary; whatever that reason may be, the undersigned agrees that the transfer does not make the case moot. The transfer raises only a jurisdictional problem.

The Court may, in the interests of justice, transfer the case to the appropriate court. *See Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986) ("Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer sua sponte.") (citation omitted)). Here, a response to the petition is pending, and McLean has filed several motions. Consequently, dismissing the case would be a harsh measure, while transferring it would serve the interests of justice and not prejudice either side.

For the reasons set forth above, the undersigned recommends that the Court transfer this case to the Northern District of West Virginia.

**IT IS SO RECOMMENDED.**

April 2, 2019
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

The parties' attention is directed to the **Important Notice** on the next page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).