IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| William S. McLean, Jr., | ) | Civil Action No. 2:18-3600-RMG |
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| F.C.I. Edgefield Acting Warden W. Vereen, | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 32) recommending the Court transfer this matter to the District Court for the Northern District of West Virginia. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and transfers this matter to the District Court for the Northern District of West Virginia.

**I. Background**

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2241. When Petitioner initiated this matter, he was incarcerated at F.C.I. Edgefield, located in the District of South Carolina. The Bureau of Prisons then relocated Petitioner to F.C.I. Hazelton in Bruceton Mills, West Virginia, located in the Northern District of West Virginia. The Magistrate Judge now recommends that Petitioner's action be transferred to that district court as a proper venue with jurisdiction. Petitioner filed a "motion in support" of the R & R. (Dkt. No. 37.)

**II. Legal Standard**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in

1

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When there are objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. When there are no objections to the R & R, the Court reviews it to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### III. Discussion

The Court finds that the Magistrate Judge correctly concluded that this matter should be transferred to the District Court for the Northern District of West Virginia. The "proper respondent to a habeas petition is the person who has custody over [the petitioner]." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). This is because the writ of federal habeas corpus "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2242. "There is generally only one proper respondent to a given prisoner's habeas petition" and it is the custodian "with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434-35.

Petitioner is no longer in the custody of Acting Warden W. Vereen of F.C.I. Edgefield; he is in the custody of the warden of F.C.I. Hazelton. The Court may, in the interest of justice, *sua sponte* transfer a matter to the appropriate court rather than dismiss. *Feller v. Brock*, 802 F.2d 722, n.7 (4th Cir. 1986). The Court finds that transferring this matter to the district with jurisdiction is in the interest of justice so as to afford the parties an opportunity to continue to address Petitioner's request for relief on the merits.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 32) as the Order of the Court and **TRANSFERRS** this matter to the U.S. District Court for the Northern District of West Virginia.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June 18, 2019
Charleston, South Carolina